IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

ALFRED WAGNER and AMBER          )          CIVIL NO. 10-00729 LEK-BMK
WAGNER,                          )
                                 )
          Plaintiffs,            )
                                 )
     vs.                         )
                                 )
AURORA LOAN SERVICING, a         )
business entity, form            )
unknown; ALL STATE FUNDING, a    )
business entity, form            )
unknown, MORTGAGE ELECTRONIC     )
REGISTRATION SYSTEMS, a          )
business entity, form            )
unknown, and DOES 1-100          )
inclusive,,                      )
                                 )
          Defendants.            )
_____  )


**ORDER GRANTING DEFENDANTS AURORA LOAN SERVICING, LLC
AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS'
MOTION TO DISMISS COMPLAINT FILED DECEMBER 9, 2010**

          Before the Court is Defendants Aurora Loan Servicing,

LLC ("Aurora") and Mortgage Electronic Registration Systems'

("MERS", collectively "Moving Defendants") Motion to Dismiss

Complaint Filed December 9, 2010 ("Motion"), filed on August 25,

2011.  Pro se plaintiffs Alfred Wagner and Amber Wagner

(collectively "Plaintiffs") did not file a timely memorandum in

opposition to the Motion and, on October 19, 2011, this Court

issued an inclination stating that it was inclined to grant the

Motion as unopposed.  This matter came on for hearing on

November 2, 2011.  Appearing on behalf of the Moving Defendants

was Karyn Doi, Esq., and Plaintiff Amber Wagner ("Mrs. Wagner") appeared by telephone.  Plaintiff Alfred Wagner ("Mr. Wagner") did not appear and the Court therefore orally granted the Motion as to Mr. Wagner's claim.  Over the Moving Defendants' objection, the Court granted Mrs. Wagner's oral request for an extension of time to file a memorandum in opposition to the Motion.  Mrs. Wagner filed her memorandum in opposition on November 18, 2011.  The Court ordered the Moving Defendants to file a reply, and they did so on December 2, 2011.  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, the Moving Defendants' Motion is HEREBY GRANTED for the reasons set forth below.

### BACKGROUND

Plaintiffs filed the instant action on December 9, 2010.  Plaintiffs' Complaint states that, on or about April 11, 2007, Plaintiffs entered into a loan agreement with Defendant All State Funding ("All State").  The $383,920.00 loan was for the purchase of 74-5086 Hanahanai Loop, Kailua-Kona, HI 96740 ("the Property"), and Plaintiffs granted All State a security interest in the Property.  [Complaint at ¶¶ 1-2.]  The loan was a "2/1 ARM for 40 years[,]" with an initial interest rate of 6.375%, and interest-only payments of $2,213.59 for the first two years. [Id. at ¶ 2.]  Plaintiffs assert that the loan was a "stated income" loan, and its approval was based on the value of the

Property, without regard to their ability to repay the loan. [Id.] All State was also the mortgage broker, and Aurora is the loan servicing company that has foreclosed upon the Property. [Id. at ¶¶ 6-7.] MERS was the nominee/beneficiary of the original mortgage.[1] [Id. at ¶ 10.]

The Complaint alleges that: Defendants failed to provide Plaintiffs with various forms and disclosures, as required by federal law, including the Truth in Lending Act ("TILA"), the Equal Opportunity Credit Act ("EOCA"), and the Fair Dept Collection Act ("FDCA"); and Defendants engaged in abusive lending practices because they did not verify that Plaintiffs had the ability to repay the loan. Plaintiffs contend that Defendants' mortgage activities render them subject to, *inter alia*, TILA, the Real Estate Settlement Procedures Act ("RESPA"), 20 C.F.R. §§ 3500.10, 10241.3, and Hawai`i unfair and deceptive acts and practices ("UDAP") statutes. [Id. at ¶¶ 14-16.]

Plaintiffs allege that Defendants were aware of the risks involved with the loan they offered Plaintiffs and intentionally concealed those risks. Plaintiffs claim that, as a result, they may potentially lose their home. Plaintiffs allege that Aurora is liable for any TILA violations that occurred before it obtained the servicing rights to the loan if the

---

[1] The Court will refer to Aurora, MERS, and All State collectively as "Defendants".

violations were apparent on the face of the disclosures. [<u>Id.</u> at ¶¶ 21-22.] Plaintiffs claim that the terms of the loan were not clear and conspicuous and that the terms were illegal. The allegedly illegal terms included: excessive ratios of income to liability; excessive fees and charges; and excessive interest rates, as compared to alternate financing that Plaintiffs could have qualified for. [<u>Id.</u> at ¶ 24.]

Plaintiffs allege that All State received a Par Premium/Yield Spread Premium ("YSP"), an increase in the interest rate which is paid to the broker for approximately three years. After that, the interest rate on the loan remains the same, and the lender reaps the benefit of the higher rate. Plaintiffs allege that they never agreed to pay a YSP to All State and therefore All State and Aurora have been unjustly enriched and have collected unearned fees, which is prohibited by RESPA. [<u>Id.</u> at ¶¶ 26-27.] Plaintiffs also allege that Defendants violated the EOCA by placing Plaintiffs in a loan with a significantly higher interest rate than they should have qualified for. [<u>Id.</u> at ¶ 28.] Further, they allege the loan was illegal because Defendants extended it even though All State did not conduct proper due diligence to verify Plaintiffs' income. All State allegedly knew that, if it did verify Plaintiffs' income, they would not have qualified for the loan. [<u>Id.</u> at ¶¶ 29-30.]

The Complaint alleges the following claims against all

4

Defendants, unless otherwise specified:

1) a claim for declaratory relief, alleging that the power of sale in the loan is not effective because of Defendants' violations of state and federal law, and asserting that title to the Property must remain with Plaintiffs (Count I);
2) a claim for injunctive relief, enjoining the pending non-judicial foreclosure sale of the Property (Count II);
3) breach of the implied covenant of good faith and fair dealing (Count III);
4) TILA violations based on All State's and Aurora's failure to provide the initial disclosures required under TILA, and Aurora's failure to provide other notices and disclosures (including the "CHARM booklet") as required by applicable federal regulations (Count IV);
5) RESPA violations based on the excessive and hidden fees associated with the loan and the failure to provide a Special Information Booklet explaining the settlement costs within three days after submission of the loan application (Count V);
6) a claim for rescission based on the TILA and RESPA violations, fraudulent concealment, UDAPs, and based on public policy grounds (Count VI);
7) UDAP violations based on: the alleged failure to conduct diligent underwriting practices; the intentional placement of Plaintiffs in a loan they could not afford; the failure to make the required disclosures; concealing business affiliates; and rushing the loan to closing (Count VII);
8) breach of fiduciary duty by: failing to advise Plaintiffs of the likelihood of default; placing Plaintiffs in a loan they could not afford; failing to give the required disclosures; and otherwise failing to comply with TILA and RESPA laws and regulations (Count VIII);
9) unconscionability based on unfair bargaining power, the other violations previously alleged, and the windfall that Defendants reaped because of their predatory lending practices (Count IX);
10) predatory lending based on the violations previously alleged (Count X);
11) a quiet title claim against any defendant claiming an interest in the Property (Count XI); and
12) a "lack of standing" claim against MERS, alleging that MERS did not have the authority to assign Plaintiffs' promissory note (Count XII).

Plaintiffs seek: compensatory, special, general, treble, and punitive damages; attorneys' fees and costs; declaratory and

injunctive relief; rescission of the loan and restitution; a judgment requiring Defendants to prove that they have authority to foreclose on Plaintiffs' promissory note; quiet title; prejudgment interest; and any other appropriate relief.

Aurora filed its Answer on March 16, 2011. [Dkt. no. 6.] There is no indication in the record that Plaintiffs completed service on All State.

## I.   **Aurora and MERS's Motion**

In the instant Motion, Aurora and MERS argue that each count of the Complaint fails to state a claim upon which relief can be granted.

Count I fails because Plaintiffs are not entitled to declaratory relief for their UDAP, TILA, or RESPA claims.  There can be no UDAP violation because there is no duty requiring a lender to determine a borrower's ability to repay a loan, unless the lender exceeded its traditional role, which did not happen in this case.  The TILA rescission and damages claims are time-barred because Plaintiffs entered into the loan in April 2007, but did not file this action until December 2010.  Aurora and MERS also suggest that the RESPA claim is time-barred, but they assert that the claim also fails because Plaintiffs did not identify which specific RESPA statute Defendants allegedly violated.

Count II fails because there is no independent cause of

action for injunctive relief.

Aurora and MERS argue that the Court should dismiss Count III (breach of the implied covenant of good faith and fair dealing) for the reasons set forth in <u>Marzan v. Bank of America</u>, 779 F. Supp. 2d 1140, 1147-48 (D. Hawai`i 2011).

Count IV (TILA), Count V (RESPA), Count VI (rescission), and Count VII (UDAP) should be dismissed for the same reasons set forth regarding Count I. Further, rescission is a remedy, not an independent cause of action.

Count VIII (breach of fiduciary duty) fails because there is no fiduciary duty between a borrower and a lender, absent special circumstances that are not present in this case.

Count IX (unconscionability) fails because unconscionability is a defense to the enforcement of a contract and, to the extent that it can be asserted as an independent claim, Plaintiffs have failed to identify a particular contract term that is unconscionable.

Count X fails because there is no common law cause of action for predatory lending. Any predatory lending allegations must support other recognized causes of action. Count XI fails because the Complaint merely states the elements of a claim under Haw. Rev. Stat. § 669-1; Plaintiffs have not alleged sufficient facts to support a cognizable claim to quiet title.

Finally, Count XII fails because the Complaint appears

to suggest that MERS may not foreclose because it is not a holder of the promissory note, but this does not state claim as pled for a lack of standing claim based on MERS's alleged status as a fictitious entity.  MERS and Aurora, however, acknowledge that the district judge in <u>Marzan</u> dismissed this claim with leave to amend.

The Moving Defendants therefore urge the Court to grant the Motion.

## II.  **<u>Mrs. Wagner's Opposition</u>**

In her memorandum in opposition, Mrs. Wagner states that neither she nor Mr. Wagner ever entered into a loan with "Aurora Bank/Aurora Loan Services LLC".  [Mem. in Opp. at 2 (citing Aff. of Alfred Wagner; Aff. of Amber Wagner).]  Mrs. Wagner states that Mr. Wagner entered into the loan in question with First Magnus Financial Corporation ("First Magnus") as the lender.  [<u>Id.</u> at 2 (citing Exh. D (Adjustable Rate Note)).]  Mr. Wagner and Mrs. Wagner executed a mortgage dated April 11, 2007 in favor of First Magnus.  [<u>Id.</u>, Exh. G (Verification of Debt by LPS Asset Management, authorized servicing agent for Aurora Loan Services, LLC) at ¶ 5.]  Mrs. Wagner points out that Aurora Bank/Aurora Loan Services LLC is a debt collector, [<u>Id.</u>, Exh. A (Letter dated 10/13/11 to Mr. Wagner from Aurora Bank), Exh. B (Payoff Statement dated 10/6/09 regarding Mr. Wagner),] but there is no evidence in the

record that First Magnus authorized Aurora Bank/Aurora Loan

Services LLC either to collect a debt on Mr. Wagner's note or to

sell the Property.  Mrs. Wagner contends that MERS, in its

capacity as Aurora's nominee, was not the holder in due course of

the Adjustable Rate Note and that MERS did not have proper title

to Property.  Thus, she contends that the non-judicial

foreclosure sale of the Property that MERS conducted on

September 11, 2009 was fraudulent.

Mrs. Wagner therefore urges the Court to deny the

Motion and allow her case to proceed.  To the extent that the

Court grants the Motion, Mrs. Wagner requests leave to amend.[2]

## III. __Moving Defendants' Reply__

In their reply, the Moving Defendants state that First

Magnus authorized Aurora to service Plaintiffs' mortgage loan,

and both First Magnus and Aurora notified Mr. Wagner of this

fact.  [Reply at 2-3; __id.__, Decl. of Shirley Flaig ("Flaig

Decl."), Exhs. A & B (Notices of Assignment, Sale, or Transfer of

Servicing Rights).]  The Moving Defendants also represent that,

on or about December 5, 2008, the mortgage loan was transferred

---

[2] The Court notes that Mrs. Wagner asks the Court to "enjoin
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS and AURORA BANK/AURORA
LOAN SERVICING from forcing us out of our home until this matter
is resolved."  [Mem. in Opp. at 5.]  To the extent that Mrs.
Wagner seeks a preliminary injunction or a temporary restraining
order, she must file a motion seeking such relief pursuant to
Fed. R. Civ. P. 65.  At this time, the Court expresses no opinion
on the merits of Mrs. Wagner's request.

outright to Aurora. [Id. at 3 (citing Decl. of Shirley Flaig, Exh. "C" (Adjustable Rate Note).] Ms. Flaig's declaration also states that Aurora "became the possessor, and holder of the Adjustable Rate Note as of December 8, 2008[.]"[3] [Flaig Decl. at ¶ 7 (emphasis in original).] She also states that Aurora authorized MERS to proceed with the foreclosure as its nominee under the Mortgage. [Id. at ¶ 9.]

The Moving Defendants therefore argue that Aurora had authority to collect the debt and, at the time of the foreclosure, it owned all rights, title and interest in

---

[3] Ms. Flaig is the Court Advocate of Aurora Bank, FSB ("Aurora Bank"), the current servicer of the loan. Upon transfer of the servicing activities from Aurora to Aurora Bank, all of the records referenced in Ms. Flaig's declaration were transferred by Aurora to Aurora Bank. Ms. Flaig has personal knowledge about the relevant documents in this case based on her review and analysis of the those records. [Flaig Decl. at ¶¶ 1-2.] The Court notes, however, that the Moving Defendants did not provide a copy of the instrument transferring the note itself, as opposed to the servicing rights, from First Magnus to Aurora. The Moving Defendants cite Exhibit C to the Flaig Declaration, but that is the Adjustable Rate Note, which is dated April 11, 2007, and which does not contain evidence of the transfer as of December 8, 2008. The last page of Exhibit C contains a stamp stating:

> WITHOUT RECOURSE
> PAY TO THE ORDER OF
> _____
> FIRST MAGNUS FINANCIAL CORPORATION
> an Arizona Corporation

[Flaig Decl., Exh. C at 9 (emphasis in original).] It is signed by Susan Maja, Closer. [Id.] For purposes of the instant Motion, this Court accepts Ms. Flaig's representation in her declaration that First Magnus transferred ownership of the note to Aurora as of December 8, 2008.

Plaintiffs' loan.  Further, the Moving Defendants emphasize that the Complaint does not allege that the foreclosure was invalid because Aurora did not have an interest in the loan at the time of foreclosure.  Count XII of the Complaint merely alleges that MERS lacked standing to foreclose because it is an artificial entity and never owned or possessed the note.  The Moving Defendants emphasize that courts have rejected this same argument brought by other borrowers.

The Moving Defendants therefore urge the Court to grant the Motion.

**STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

> Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment.  See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).  However, courts may "consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).
> On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  Fed'n of African Am. Contractors

> v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir.
> 1996). To survive a motion to dismiss, a
> complaint must contain sufficient factual matter
> to "state a claim to relief that is plausible on
> its face." Bell Atl. Corp. v. Twombly, 550 U.S.
> 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929
> (2007). "A claim has facial plausibility when the
> plaintiff pleads factual content that allows the
> court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged."
> Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937,
> 1949, 173 L. Ed. 2d 868 (2009). "Threadbare
> recitals of the elements of a cause of action,
> supported by mere conclusory statements, do not
> suffice." Id. (citing Twombly, 550 U.S. at 554,
> 127 S. Ct. 1955).

Hawaii Motorsports Inv., Inc. v. Clayton Group Servs., Inc., 693

F. Supp. 2d 1192, 1195-96 (D. Hawai`i 2010).

"Dismissal without leave to amend is improper unless it

is clear that the complaint could not be saved by any amendment."

Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009)

(citation and quotation marks omitted).

**DISCUSSION**

I. **Mr. Wagner's Claims**

At the outset, the Court notes that Plaintiffs are

proceeding pro se and, although each plaintiff signed the

Complaint, Mrs. Wagner has appeared at several proceedings, in

addition to the hearing on the instant Motion, without

Mr. Wagner. [Minutes (Further Rule 16 Scheduling Conference),

filed 7/6/11 (dkt. no. 16); Minutes (Status Conference), filed

8/24/11 (dkt. no. 19); Minutes (Status Conference Re: Trial

Deadlines), filed 10/21/11 (dkt. no. 26).] At the hearing on the

instant Motion, Mrs. Wagner admitted that she is not an attorney licensed to practice in this district. Although Mrs. Wagner, acting pro se, may appear at court proceedings on her own behalf, she cannot appear on behalf of Mr. Wagner. See Local Rule LR83.2 ("Only a member of the bar of this court or any attorney otherwise authorized by these rules to practice before this court may enter an appearance for a party, sign stipulations or receive payment or enter satisfaction of judgment, decree or order."). A non-attorney's appearance in court proceedings on behalf of another party constitutes the authorized practice of law and may subject the non-attorney to sanctions. See Local Rule LR83.5 (stating that any person who "pretends to be entitled to" exercise the privileges of an attorney "may be found guilty of contempt of court and suffer appropriate punishment thereof"). Thus, although the Court granted Mrs. Wagner's oral motion for an extension of time to respond to the Motion to the extent that Mrs. Wagner was allowed to file a response on her own behalf, this Court denied Mrs. Wagner's request to the extent that she sought an extension of time for Mr. Wagner to respond to the Motion.

Mr. Wagner himself neither filed a response to the Motion nor contacted this Court to request an extension of time to respond to the Motion. The Court FINDS that Mr. Wagner has failed to prosecute his claims, and the Court GRANTS the instant

Motion as to Mr. Wagner and DISMISSES all of Mr. Wagner's claims pursuant to Fed. R. Civ. P. 41(b). In order to determine whether the dismissal is without prejudice or with prejudice, this Court must weigh the following factors: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.'" <u>Gambino v. OneWest Bank</u>, Cv. No. 11-00021 DAE-KSC, 2011 WL 2940318, at *11 & n.7 (D. Hawai`i July 18, 2011) (quoting <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002)). This Court finds that none of these factors favor dismissal with prejudice. Dismissal of Mr. Wagner's claims with prejudice would not result in the expeditious resolution of this case, would not facilitate management of this Court's docket, and would not prevent prejudice to Defendants because the case will continue on Mrs. Wagner's identical claims. There is a less drastic alternative available, dismissal without prejudice; and the public policy favoring disposition on the merits always weighs against dismissal. This Court therefore will dismiss Mr. Wagner's claims WITHOUT PREJUDICE, except that where Mrs. Wagner's claims are dismissed with prejudice, Mr. Wagner's identical claims are also dismissed with prejudice.

14

## II. **Mrs. Wagner's Claims**

Exhibit A to Plaintiffs' Complaint is a Forensic Audit Report by Francha Services, LLC ("Francha"). The Complaint appears to be a form complaint that this district court has previously addressed in several other cases. See, e.g., Caniadido v. MortgageIT, LLC, Civil No. 11-00078 JMS/BMK, 2011 WL 3837265 (D. Hawai`i Aug. 26, 2011); Gambing, 2011 WL 2940318; Campollo v. Bank of Am., Civil No. 11-00052 SOM/BMK, 2011 WL 2457674 (D. Hawai`i June 16, 2011); Casino v. Bank of Am., Civil No. 10-00728 SOM/BMK, 2011 WL 1704100 (D. Hawai`i May 4, 2011); Marzan v. Bank of Am., 779 F. Supp. 2d 1140 (D. Hawai`i 2011) (Seabright, J.); Sakugawa v. Countrywide Bank F.S.B., 769 F. Supp. 2d 1211 (D. Hawai`i 2011) (Ezra, J.).

The twelve counts in Plaintiffs' Complaint are identical to the claims in Caniadido v. MortgageIT. 2011 WL 3837265. Further, as in the instant case, the plaintiffs in Caniadido filed their complaint more than three years after the consummation of the loan at issue. Id. at *1. The Court agrees with and adopts the legal analysis in Caniadido, which this Court summarizes below.[4]

---

[4] The Court emphasizes that Caniadido v. MortgageIT involved a motion for summary judgment and that the analysis in that case of whether the plaintiff's claims against the moving parties were dismissed with our without prejudice differs from this Court's analysis in the instant case.

## A. Count I (declaratory relief), Count II (injunctive relief), and Count VI (rescission)

These "claims" are remedies and not independent causes of actions. See Caniadido v. MortgageIT, 2011 WL 3837265, at *5-6 (some citations omitted) (citing Ballard v. Chase Bank USA, NA, 2010 WL 5114952, at *8 (S.D. Cal. Dec. 9, 2010) ("A claim for declaratory relief 'rises or falls with [the] other claims.'"); Jensen v. Quality Loan Serv. Corp., 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action."); Bischoff v. Cook, 118 Haw. 154, 163, 185 P.3d 902, 911 (Haw. App. 2008) ("[r]escission is only a remedy, not a cause of action")).

Mrs. Wagner cannot cure the defects in Counts I, II, and VI by amendment, and the defects apply to All State as well as to the Moving Defendants. The Court therefore GRANTS the Motion as to Counts I, II, and VI, and DISMISSES those counts WITH PREJUDICE as to all Defendants. The Court, however, emphasizes that, although these remedies are not independent causes of action, the remedies may be available to Mrs. Wagner if she is able to prevail on any independent cause of action.

## B. Count III (covenant of good faith and fair dealing)

This count essentially alleges the tort of "bad faith", and Hawai`i law does not recognize this claim in the mortgage context. Id. at *6 (citing Best Place v. Penn Am. Ins. Co., 82 Haw. 120, 128, 920 P.2d 334, 342 (1996) (adopting tort of bad

16

faith for breach of implied covenant of good faith and fair dealing in an insurance contract); Jou v. Nat'l Interstate Ins. Co. of Haw., 114 Haw. 122, 129, 157 P.3d 561, 568 (Haw. App. 2007) (explaining that "the Hawaii Supreme Court emphasized that the tort of bad faith, as adopted in [Best Place v. Penn Am. Ins. Co., 82 Haw. 120, 128, 920 P.2d 334, 342 (1996),] requires a contractual relationship between an insurer and an insured")). Even if Hawai`i law did recognize such a claim, a plaintiff cannot establish a breach of the covenant of good faith and fair dealing with actions prior to contract formation. Id. at *7 (some citations omitted) (citing Young v. Allstate Ins. Co., 119 Haw. 403, 427, 198 P.3d 666, 690 (2008) (indicating the covenant of good faith does not extend to activities occurring before consummation of an insurance contract)). The only post-formation events alleged in the Complaint relate to the foreclosure, but Mrs. Wagner has failed to allege a claim for bad faith in the foreclosure because there is no allegation that Aurora conducted the foreclosure in a manner that violated the terms of the mortgage. See id. ("[A] court should not 'conclude that a foreclosure conducted in accordance with the terms of a deed of trust constitutes a breach of the implied covenant of good faith and fair dealing.'" (quoting Davenport v. Litton Loan Servicing, LP, 725 F. Supp. 2d 862, 884 (N.D. Cal. 2010)).

The Court must therefore dismiss Count III.
Mrs. Wagner cannot cure the defects in this claim as to All State and MERS, but it is arguably possible for her to cure the defects as to Aurora if she can allege a plausible claim that the manner in which Aurora conducted the foreclosure violated the terms of the mortgage.  Motion is GRANTED and Count III is DISMISSED, but the count is DISMISSED WITH PREJUDICE as to All State and MERS and DISMISSED WITHOUT PREJUDICE as to Aurora.

### C.    Count IV (TILA Violations)

#### 1.    TILA Damages

Plaintiffs failed to bring this action within one year of the alleged failure to provide TILA disclosures, and Mrs. Wagner has not presented any allegations that would support a finding that equitable tolling applied.  See id. at *8 (quoting 15 U.S.C. § 1640(e); King v. California, 784 F.2d 910, 915 (9th Cir. 1986)).

Thus, the Moving Defendants' Motion is GRANTED to the extent that Mrs. Wagner's claim in Count IV is DISMISSED as to the Moving Defendants.  The dismissal is WITHOUT PREJUDICE because it is arguably possible for Mrs. Wagner to cure the defects in the claim.  The Court declines to sua sponte dismiss Count IV as to All State because the statute of limitations is an affirmative defense that All State has the burden of raising and establishing.  See id. (citing Radford v. Wells Fargo Bank, 2011

WL 1833020, at *7 (D. Haw. May 13, 2011)).

### 2.   **TILA Rescission**

Plaintiffs allege that Defendants failed to provide them with TILA's required disclosures, triggering the three-year rescission period.   See id. ("If the required disclosures are not provided, however, the right to rescission expires 'three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first[.]'" (quoting 15 U.S.C. § 1635(f))).   Plaintiffs failed to bring this action within three years of the consummation of the transaction. Section 1635(f) is a statute of repose, and therefore the three-year period provided for therein is not subject to equitable tolling.   Id. at *9 (quoting Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412, 419 (1998); Miquel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002)).   Thus, Mrs. Wagner cannot cure the defect in this claim, and the same reasoning applies to all Defendants.   The Court therefore GRANTS the Motion insofar as Mrs. Wagner's TILA rescission claim is DISMISSED WITH PREJUDICE as to all Defendants.

### D.   **Count V (RESPA)**

Count V alleges that all Defendants violated RESPA by: charging illegal fees at closing; [Complaint at ¶ 75 ("The fees for this loan were . . . egregious."), ¶ 77 ("Defendants, and each of them, did give, provide or receive a hidden fee or thing

of value for the referral of settlement business, including but not limited to, kickbacks, hidden referral fees, and/or Yield Spread Premiums.");] and failing to provide a Special Information Booklet within three days after submission of the loan application; [id. at ¶ 78].

To the extent that the Complaint alleges a claim based on the charging of excessive fees, the claim fails because 12 U.S.C. § 2607 does not prohibit "excessive" fees. Caniadido v. MortgageIT, 2011 WL 3837265, at *9 (citing Martinez v. Wells Fargo Home Mortg., Inc., 598 F.3d 549, 553-54 (9th Cir. 2010) (concluding that § 2607 "cannot be read to prohibit charging fees, excessive or otherwise, when those fees are for services that were actually performed")). The Moving Defendants are therefore entitled to the dismissal of this portion of Mrs. Wagner's claim, and Mrs. Wagner cannot cure the defects in this portion of Count V by amendment.

To the extent that Count V alleges other violations of § 2607 besides the charging of excessive fees, a one-year statute of limitations applies. See 12 U.S.C. § 2614. Any allegedly illegal fees in this case would have been imposed in 2007, and Plaintiffs filed this action in 2010, well beyond the one-year statute of limitations. Although equitable tolling may apply to a RESPA claim, Caniadido v. MortgageIT, 2011 WL 3837265, at *9 (citing Sakugawa v. IndyMac Bank, F.S.B., 2010 WL 4909574, at *4

(D. Haw. Nov. 24, 2010) (citing cases)), the Complaint does not

allege any facts that would support equitable tolling.  The

Moving Defendants are entitled to dismissal of this portion of

Count V, but it is arguably possible for Mrs. Wagner to cure the

defects in this portion of the claim by amendment.

    The Complaint also alleges that Defendants failed to

provide Plaintiffs with the Special Information Booklet within

three days after submission of the loan application, in violation

of 24 C.F.R. § 3500.6.  This district court has recognized that:

> Any possible claims for violations of 12
> U.S.C. §§ 2603 or 2604 for failing to provide a
> "good faith estimate" or "uniform settlement
> statement" necessarily fail because there is no
> private cause of action for a violation of those
> sections.  See Martinez v. Wells Fargo Home
> Mortg., Inc., 598 F.3d 549, 557 (9th Cir. 2010).
> Failure to provide a Special Information booklet
> on settlement costs at the time of closing is not
> a viable private cause of action under RESPA.  See
> Martinez, 598 F.3d at 557–58 (refusing to allow a
> private cause of action under 12 U.S.C. § 2603, in
> connection with allegations that HUD–1 settlement
> statements were not accurately disclosed).

Caniadido v. Countrywide Bank, FSB, Civil No. 11–00080 SOM/BMK,

2011 WL 2470640, at *8 (D. Hawai`i June 20, 2011).

    Thus, to the extent that Count V alleges a RESPA claim

based on the failure to provide the Special Information Booklet,

it fails to state a claim upon which relief can be granted.

Mrs. Wagner cannot cure the defect in this claim, and the same

reasoning applies to all Defendants.

    The Court GRANTS the Motion as to Count V, but the

portion of Count V based on the imposition of fees that are allegedly illegal based on a theory other than that the fees were excessive is DISMISSED WITHOUT PREJUDICE as to all Defendants. All other portions of Count V are DISMISSED WITH PREJUDICE as to all Defendants.

### E.    **Count VII (UDAP)**

Plaintiffs' UDAP claim alleges that all Defendants "consummat[ed] an unlawful, unfair, and fraudulent business practice, designed to deprive Plaintiffs of her (sic) home, equity, as well as her (sic) past and future investment." [Complaint at ¶ 89.] Further, Defendants allegedly "failed to undergo a diligent underwriting process[,] . . . failed to properly adjust and disclose facts and circumstances relating to Plaintiff's (sic) mortgage loan and placed Plaintiffs in a loan . . . which they should never have been approved for because they could not afford it." [Id. at ¶ 86.]

> This district court has recognized that
>
> > "lenders generally owe no duty to a borrower 'not to place borrowers in a loan even where there was a foreseeable risk borrowers would be unable to repay.'" McCarty v. GCP Mgmt., LLC, 2010 WL 4812763, at *6 (D. Haw. Nov. 17, 2010) (quoting Champlaie v. BAC Home Loans Servicing, LP, 706 F. Supp. 2d 1029, 1061 (E.D. Cal. 2009)). See also Sheets v. DHI Mortg. Co., 2009 WL 2171085, at *4 (E.D. Cal. July 20, 2009) (reasoning that no duty exists "for a lender 'to determine the borrower's ability to repay the loan. . . . The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's.'"

> (quoting <u>Renteria v. United States</u>, 452 F. Supp.
> 2d 910, 922–23 (D. Ariz. 2006)).
>
> "[A]s a general rule, a financial institution
> owes no duty of care to a borrower when the
> institution's involvement in the loan transaction
> does not exceed the scope of its conventional role
> as a mere lender of money." <u>Nymark v. Heart Fed.</u>
> <u>Sav. & Loan Ass'n</u>, 283 Cal. Rptr. 53, 56 (Cal. Ct.
> App. 1991). Nothing in the Complaint indicates
> that any Defendant "exceed[ed] the scope of [a]
> conventional role as a mere lender of money." The
> claims fail on that basis alone.

<u>Casino v. Bank of Am.</u>, Civil No. 10–00728 SOM/BMK, 2011 WL
1704100, at *12–13 (D. Hawai`i May 4, 2011). Mrs. Wagner's UDAP
claim fails because none of the allegations in the Complaint
indicate that the Moving Defendants, in their capacities as the
lender's loan servicer or nominee, took any actions beyond the
scope of the conventional role of lender. The Complaint alleges
that All State was both the lender and the mortgage broker.
[Complaint at ¶¶ 5-6.] The Court therefore declines to *sua*
*sponte* address whether Count VII states a plausible claim against
All State.

The Court, however, notes that, to the extent that
Mrs. Wagner's UDAP claim is based on Defendants' allegedly
fraudulent activity, <u>see, e.g.</u>, Complaint at ¶ 89 (alleging that
Defendants engaged in "fraudulent business practice"), she must
plead the claim with particularity as required by Fed. R. Civ. P.
9(b). <u>See</u> <u>Caniadido v. MortgageIT</u>, 2011 WL 3837265, at *11
(citing <u>Smallwood v. NCsoft Corp.</u>, 730 F. Supp. 2d 1213, 1232-33
(D. Haw. 2010) (relying on <u>Kearns v. Ford Motor Co.</u>, 567 F.3d

1120, 1122 (9th Cir. 2009), to find that Chapter 480 claims that sound in fraud must be pled with particularity)).  As the court found in <u>Caniadido v. MortgageIT</u>, this Court also finds that none of the allegations of Plaintiffs' Complaint "asserts 'particularized allegations of the circumstances *constituting* fraud' such as the time, place, and nature of the alleged fraud, and how each Defendant participated in the fraud."  <u>See</u> <u>id.</u> (quoting <u>In re GlenFed, Inc. Sec. Litig.</u>, 42 F.3d 1541, 1547 (9th Cir. 1994) (en banc)) (emphasis in original).

        The Moving Defendants are entitled to dismissal of Mrs. Wagner's UDAP claim.  It is arguably possible, however, for Mrs. Wagner to cure the defects in this claim by amendment.  The Court therefore GRANTS the instant Motion insofar as Mrs. Wagner's claims in Count VII are DISMISSED WITHOUT PREJUDICE as to the Moving Defendants.

        **F.    Count VIII (Breach of Fiduciary Duty)**

        Count VIII alleges that Defendants generally, without distinguishing between them, owed Plaintiffs a fiduciary duty and breached that duty by: failing to advise Plaintiffs that they were likely to default; placing them in a loan they could not afford; exercising greater loyalty to each other to Plaintiffs' disadvantage and without disclosing their relationship to each other; failing to provide material disclosures to Plaintiffs; and failing to comply with TILA, RESPA, and other laws.  [Complaint

at ¶¶ 92-95.]

As stated in <u>Caniadido v. MortgageIT</u>, however,

> Lenders generally owe no fiduciary duties to their
> borrowers.  <u>See, e.g.</u>, <u>Nymark v. Heart Fed. Sav. &
> Loan Ass'n</u>, 283 Cal. Rptr. 53, 54 n.1 (Cal.
> App.1991) ("The relationship between a lending
> institution and its borrower-client is not
> fiduciary in nature."); <u>Miller v. U.S. Bank of
> Wash.</u>, 865 P.2d 536, 543 (Wash. App. 1994) ("The
> general rule . . . is that a lender is not a
> fiduciary of its borrower."); <u>Huntington Mortg.
> Co. v. DeBrota</u>, 703 N.E.2d 160, 167 (Ind. App.
> 1998) ("A lender does not owe a fiduciary duty to
> a borrower absent some special circumstances.");
> <u>Spencer v. DHI Mortg. Co.</u>, 642 F. Supp. 2d 1153,
> 1161 (E.D. Cal. 2009) ("Absent 'special
> circumstances' a loan transaction 'is at
> arms-length and there is no fiduciary relationship
> between the borrower and lender.'") (quoting <u>Oaks
> Mgmt. Corp. v. Super. Ct.</u>, 51 Cal. Rptr. 3d 561
> (Cal. App. 2006)); <u>Ellipso, Inc. v. Mann</u>, 541 F.
> Supp. 2d 365, 373 (D.D.C. 2008) ("[T]he
> relationship between a debtor and a creditor is
> ordinarily a contractual relationship . . . and is
> not fiduciary in nature.") (citation omitted).

2011 WL 3837265, at *11 (quoting <u>McCarty</u>, 2010 WL 4812763, at
*5).

In light of this rule, Mrs. Wagner fails to state a
claim for breach of fiduciary duty against the Moving Defendants.
As with the UDAP claim, the Complaint does not allege the
requisite special circumstances that might give rise to a
fiduciary duty on the part of the Moving Defendants.  Because the
Complaint alleges that All State was both the lender and mortgage
broker and because "brokers generally owe fiduciary duties to
their clients[,]" <u>id.</u> at *12 n.7 (citing cases), the Court

declines to *sua sponte* address whether Count VIII states a plausible claim against All State.

The Moving Defendants are entitled to dismissal of Count VIII. Mrs. Wagner, however, can arguably cure the defects in this claim by amendment. The Court therefore GRANTS the instant Motion insofar as Mrs. Wagner's claims in Count VIII are DISMISSED WITHOUT PREJUDICE as to the Moving Defendants.

### G. **Count IX (Unconscionability)**

"'Unconscionability' is generally a defense to the enforcement of a contract, and is not a proper claim for affirmative relief." Id. at *12 (citations omitted). Further, "[t]o the extent unconscionability can be addressed affirmatively as part of a different – that is, independent – cause of action, such a claim is asserted to prevent the enforcement of a contract whose *terms* are unconscionable." Id. (citation and internal quotation marks omitted) (emphasis in original). In the instant case, the Complaint does not identify any specific term that is allegedly unconscionable. The Moving Defendants are therefore entitled to the dismissal of Count IX, and the same reasoning also applies to All State. Mrs. Wagner, however, can arguably cure the defects in this claim by challenging a "particular term as unconscionable in an affirmative claim where the unconscionable terms may be relevant to that particular claim." See id.

The Motion is GRANTED as to Count IX, which is DISMISSED WITHOUT PREJUDICE as to all Defendants.

### H.  __Count X (Predatory Lending)__

This Court agrees with the district judge in <u>Caniadido v. MortgageIT</u> that there is no common law claim for predatory lending in and of itself.  <u>Id.</u> at *13 (citing cases).  The Moving Defendants are therefore entitled to the dismissal of Count X, and the same reasoning also applies to All State.  This Court, however, also emphasizes its ruling "does not mean to imply that 'predatory lending' is proper and cannot form the basis of some cause of action."  <u>See</u> <u>id.</u>  Thus, Mrs. Wagner can arguably cure the defects in this claim by stating "a cause of action based on specific activities (which others might otherwise describe as 'predatory') under a recognized statutory or common-law theory."  <u>See</u> <u>id.</u>

The Motion is GRANTED as to Count X, which is DISMISSED WITHOUT PREJUDICE as to all Defendants.

### I.  __Count XI (Quiet Title)__

Count XI seeks a declaration that Plaintiff is the rightful owner of the Property.  [Complaint at ¶ 116.]

This district court has construed similar allegations as attempts to assert a claim pursuant to Haw. Rev. Stat. § 669-1(a).  <u>See, e.g.</u>, <u>Phillips v. Bank of Am.</u>, Civil No. 10-00551 JMS-KSC, 2011 WL 240813, at *13 (D. Hawai`i Jan. 21, 2011).

Section 669-1(a) states: "Action may be brought by any person against another person who claims, or who may claim adversely to the plaintiff, an estate or interest in real property, for the purpose of determining the adverse claim."

In <u>Phillips</u>, the district judge noted:

> in order to assert a claim for "quiet title" against a mortgagee, a borrower must allege they have paid, or are able to tender, the amount of indebtedness. "A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, *i.e.*, that they have satisfied their obligations under the deed of trust.'" <u>Rosenfeld v. JPMorgan Chase Bank, N.A.</u>, --- F. Supp. 2d ----, 2010 WL 3155808, at *20 (N.D. Cal. Aug. 9, 2010) (quoting <u>Kelley v. Mortg. Elec. Registration Sys.</u>, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009). "[A] borrower may not assert 'quiet title' against a mortgagee without first paying the outstanding debt on the property." <u>Id.</u> (applying California law – <u>Miller v. Provost</u>, 26 Cal. App. 4th 1703, 1707, 33 Cal. Rptr. 2d 288 (1994) ("a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee") (citation omitted), and <u>Rivera v. BAC Home Loans Servicing, L.P.</u>, 2010 WL 2757041, at *8 (N.D. Cal. July 9, 2010)).

2011 WL 240813, at *13.

This district court has previously rejected the allegations of the form Francha complaint as failing to state a plausible quiet title claim. <u>Campollo v. Bank of Am.</u>, Civil No. 11-00052 SOM/BMK, 2011 WL 2457674, at *11 (D. Hawai`i June 16, 2011) ("The Campollos have not alleged sufficient facts regarding the interests of various parties to make out a cognizable claim for 'quiet title.' They has merely alleged elements of section

669-1 without stating a claim." (citing <u>Ashcroft v. Iqbal</u>, 129 S.
Ct. 1937, 1949 (2009) ("A pleading that offers 'labels and
conclusions' or 'a formulaic recitation of the elements of a
cause of action'" is insufficient.))).  The quiet title claim
before the court in <u>Campollo</u> is identical to Count XI in the
instant case.  This Court agrees with the reasoning in <u>Campollo</u>
and also finds that Count XI in the instant case fails to state a
plausible quiet title claim.

Thus, the Moving Defendants are entitled to the
dismissal of Count XI, and the same reasoning also applies to All
State.  It is arguably possible, however, for Mrs. Wagner to cure
the defects in this claim.  The Motion is therefore GRANTED as to
Count XI, which is DISMISSED WITHOUT PREJUDICE as to all
Defendants.

## J. **Count XII (Lack of Standing)**

Count XII alleges a claim against MERS for "Lack of
Standing; Improper Fictitious Entity".[5]  As noted by the district
judge in <u>Caniadido v. MortgageIT</u>, such a claim "makes no sense
against a defendant" because "standing is a requirement for a
plaintiff in order to proceed in a lawsuit."  2011 WL 3837265, at
*14.

---

[5] Although the last paragraph of Count XII states that
"Plaintiffs pray for judgment against Defendants, and each of
them," [Complaint at ¶ 124,] based on the context of the entire
count, this Court does not construe Count XII as alleging a claim
against any defendant other than MERS.

Count XII makes various allegations that the structure of MERS in general: shielded investors from liability and allowed them to circumvent mortgage laws; created conflicts of interest between MERS and the foreclosing entity; and resulted in illegal assignments. [Complaint at ¶¶ 119-23.] Count XII ultimately alleges that MERS does not have legal standing to foreclose on Plaintiffs' mortgage. [<u>Id.</u> at ¶ 124.] This Court agrees with the district judge in <u>Caniadido</u>, who dismissed the plaintiff's lack of standing claim:

> To the extent Plaintiff is attempting to allege that MERS may not foreclose, or has improperly foreclosed, the court will allow Plaintiff an opportunity to clarify the factual allegations as to MERS, but not to do so as now written in this Count. Plaintiff may, if appropriate, attempt in an Amended Complaint to assert alleged illegalities as to MERS' status in an independent cause of action – not in a count entitled "Lack of Standing; Improper Fictitious Entity."

2011 WL 3837265, at *14. This Court therefore GRANTS the Motion as to Count XII, which is DISMISSED WITHOUT PREJUDICE.

## III. <u>Leave to Amend</u>

Plaintiffs are given leave to submit a motion to the magistrate judge that seeks permission to file a First Amended Complaint. The proposed First Amended Complaint must be attached to the motion, and it may include the claims against All State that were not the subject of the instant Motion and the claims which this Court has dismissed without prejudice. Plaintiffs are not granted leave to add new parties, claims or theories of

liability, and any First Amended Complaint must address the deficiencies noted in this Order. Any such motion shall be filed no later than **January 19, 2012**. If Plaintiffs fail to timely file a motion seeking leave to file an attached First Amended Complaint, the claims which this Court has dismissed without prejudice will be automatically dismissed with prejudice.

The Court CAUTIONS Plaintiffs that they must both sign all pleadings, motions, memoranda, and other documents filed in this case. Further, both Plaintiffs must appear at any court proceeding, unless this Court or the magistrate judge orders otherwise. For example, if Mr. Wagner cannot appear at a hearing and the hearing cannot reasonably be rescheduled to allow his appearance, he may ask this Court or the magistrate judge to excuse him from the proceeding and to allow him to rest on his written submissions. This Court emphasizes that Mr. Wagner and Mrs. Wagner will each be allowed to present argument on his or her own behalf; but, he or she will not be allowed to present argument on behalf of the other plaintiff. The Court also emphasizes that, in light of the fact that Plaintiffs are pro se and they reside on the Island of Hawai`i, both this Court and the magistrate judge will generally allow them to appear at hearings and other court proceedings by telephone. Plaintiffs must provide the courtroom manager of the judge presiding over the hearing or proceeding with the telephone number, or numbers, that

they can be reached at for the hearing.

## CONCLUSION

On the basis of the foregoing, the Moving Defendants'
Motion to Dismiss Complaint Filed December 9, 2010, filed
August 25, 2011, is HEREBY GRANTED.  Mr. Wagner's claims are
HEREBY DISMISSED WITHOUT PREJUDICE for failure to prosecute,
except that, where this Court dismissed Mrs. Wagner's claims with
prejudice, Mr. Wagner's identical claims are also dismissed with
prejudice.  Specifically, this Court rules as follows as to
Mrs. Wagner's claims:

- Count I (claim for declaratory relief) and Count II (claim for injunctive relief) are DISMISSED WITH PREJUDICE as to all Defendants.
- Count III (breach of the implied covenant of good faith and fair dealing) is DISMISSED, but the count is DISMISSED WITH PREJUDICE as to All State and MERS and DISMISSED WITHOUT PREJUDICE as to Aurora.
- The portion of Count IV alleging a TILA claim for damages is DISMISSED as to the Moving Defendants only.  The dismissal is WITHOUT PREJUDICE.  The portion of Count IV alleging a TILA rescission claim is DISMISSED WITH PREJUDICE as to all Defendants.
- The portions of Count V (RESPA violations) based on the imposition of fees that are allegedly illegal based on a theory other than that the fees were excessive is DISMISSED WITHOUT PREJUDICE as to all Defendants.  All other portions of Count V are DISMISSED WITH PREJUDICE as to all Defendants.
- Count VI (claim for rescission) is DISMISSED WITH PREJUDICE as to all Defendants.
- Count VII (UDAP) and Count VIII (breach of fiduciary duty) are DISMISSED as to the Moving Defendants only.  The dismissal is WITHOUT PREJUDICE.
- Count IX (unconscionability), Count X (predatory lending), and Count XI (quiet title) are DISMISSED WITHOUT PREJUDICE as to all Defendants.
- Count XII (lack of standing against MERS) is DISMISSED WITHOUT PREJUDICE.

32

Plaintiffs may file a motion seeking leave to file an amended complaint pursuant to the terms of this order. Plaintiffs must file their Motion by no later than **January 19, 2012**. The Court CAUTIONS Plaintiffs that, if they fail to file their motion by that date or if their proposed amended complaint fails to cure the defects identified in this order, their claims will be dismissed with prejudice.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 27, 2011.



_/S/ Leslie E. Kobayashi_
Leslie E. Kobayashi
United States District Judge

**ALFRED WAGNER, ET AL. V. AURORA LOAN SERVICING, ET AL**; CIVIL NO. 10-00729 LEK; ORDER GRANTING DEFENDANTS AURORA LOAN SERVICING, LLC AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS' MOTION TO DISMISS COMPLAINT FILED DECEMBER 9, 2010